UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INTERSCOPE RECORDS, a California
general partnership; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; UMG RECORDINGS, INC., a
Delaware corporation; CAPITOL RECORDS,
INC., a Delaware corporation; MAVERICK
RECORDING COMPANY, a California joint
venture; and BMG MUSIC, a New York
general partnership,

                               Plaintiffs,

                      v.                           1:05-CV-920
                                                  (FJS/DRH)

MARK SHARP,

                               Defendant.
_____

APPEARANCES                                            OF COUNSEL

**LECLAIR KARONA GIORDANO COLE LLP**       **STEVEN E. COLE, ESQ.**
39 State Street, Suite 300
Rochester, New York 14614-1312
Attorneys for Plaintiffs

**MARK SHARP**                                         **NO APPEARANCE**
Defendant *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On July 22, 2005, pursuant to the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, Plaintiffs filed their complaint against Defendant, seeking statutory damages and injunctive relief against him for his alleged infringement of certain of their copyrighted sound recordings.

*See* Complaint at ¶¶ 1, 12.  Specifically, Plaintiffs contend that they are

> the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings") [and that they believe] that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or make the Copyrighted Recordings available for distribution to others. . . .

*See id.* at ¶¶ 12, 14.

As a result of Defendant's alleged infringement, Plaintiffs assert that they are "entitled to statutory damages pursuant to 17 U.S.C. § 504(c) . . . [and] are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505."  *See id.* at ¶ 17.  Finally, Plaintiffs claim that, "[p]ursuant to 17 U.S.C. §§ 502 and 503, [they] are entitled to injunctive relief prohibiting Defendant from further infringing [their] copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of [their] exclusive rights."  *See id.* at ¶ 18.

Since Defendant did not answer their complaint or otherwise appear within the required time-frame, Plaintiffs filed with the Clerk of the Court and served on Defendant a request for entry of default, together with an affidavit supporting that request, on November 30, 2005.  *See* Dkt. Nos. 6-7.  As a result of that request, the Clerk of the Court entered default on December 5, 2005.  *See* Dkt. No. 8.  One year later, on December 7, 2006, Plaintiffs filed and served the pending motion for default judgment against Defendant.  *See* Dkt. No. 10.

## II. DISCUSSION

A.   **The effect of Defendant's default**

"A defendant's default is deemed to constitute a concession of all well-pleaded allegations of liability, but is not considered an admission of damages." *Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta, Inc.,* No. 05-CV-273S, 2006 WL 3240729, *1 (W.D.N.Y. July 13, 2006) (citation omitted). Therefore, although "a finding of liability can be predicated solely on a facially valid complaint, damages must be proven before a final default judgment is entered." *Id.* (citations omitted).

Applying these legal standards to this case, the Court concludes that Defendant used an online media distribution system to copy the copyrighted sound recordings listed on Exhibit "A" to Plaintiffs' complaint and to distribute those recordings to other users of the system. *See* Complaint at ¶¶ 12, 14. Moreover, these facts, which the Court must consider "established," constitute direct copyright infringement. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied sub nom., Deep v. Recording Indus. Ass'n of Am., Inc.*, 540 U.S. 1107 (2004) (holding that, "[i]f the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement, are the direct infringers"); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-15 (9th Cir. 2001) (stating that individuals who upload and download files from systems similar to the one that the defendant used commit direct copyright infringement). Accordingly, the Court holds that Defendant is liable to Plaintiffs for infringement of those copyrighted sound recordings that Plaintiffs listed in Exhibit "A" to their

complaint by the means alleged in the complaint.

**B.     Damages**

Section 504(a) of the Copyright Act provides, in pertinent part, that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). Section 504(c), in turn, provides, in pertinent part, that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1); *see also Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (holding that "[t]he owner may elect to recover – instead of actual damages and profits – statutory damages under [17 U.S.C.] § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred").

Moreover, "[a] plaintiff may elect statutory damages 'regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits.'" *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quotation omitted); *see also Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (holding that "a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant,' . . . in order '"to sanction and vindicate the statutory policy" of discouraging infringement'" (quotations omitted)).

In the present case, rather than seek and/or attempt to prove actual damages, Plaintiffs have opted to seek the minimum statutory damages to which they are entitled as a result of

Defendant's infringement. Specifically, Plaintiffs seek $750 for each of the ten infringements that they allege in their complaint, the minimum provided for in § 504, for a total of $7,500.00. Since Plaintiffs seek the minimum statutory damages and have established infringement as a result of Defendant's default, it is not necessary for the Court to conduct a damage hearing before awarding such damages. *See Motown Record Co. v. Armendariz*, No. SA-05-CA-0357, 2005 WL 2645005, *2 (W.D. Tex. Sept. 22, 2005). Therefore, the Court grants Plaintiffs' request for statutory damages in the amount of $7,500.00.

Furthermore, in their "[Proposed] Default Judgment and Permanent Injunction," Plaintiffs request that the Court issue an Order granting them the following permanent injunctive relief against Defendant:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:
>
> • "Temptation," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);
>
> • "Because You Loved Me," on album "Falling Into You," by artist "Celine Dion" (SR# 224-159);
>
> • "Gotta Man," on album "Let There Be Eve . . Ruff Ryder's First Lady," by artist "Eve" (SR# 265-925);
>
> • "Hot Shot," on album "Hot Shot," by artist "Shaggy" (SR# 286-657);
>
> • "Father of Mine," on album "So Much for the Afterglow," by artist "Everclear" (SR# 181-328);
>
> • "Far Behind," on album "Candlebox," by artist "Candlebox" (SR# 171-393);
>
> • "When It All Goes South," on album "When It All

>    Goes South," by artist "Alabama" (SR# 292-583);
>
> - "My Everything," on album "Revelation," by artist "98 Degrees" (SR# 270-025);
>
> - "I Knew I Loved You," on album "Affirmation," by artist "Savage Garden" (SR# 276-120);
>
> - "What If She's an Angel," on album "Then Came the Night," by artist "Tommy Shane Steiner" (SR# 308-545)
>
> and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

*See* [Proposed] Default Judgment and Permanent Injunction at ¶ 3.[1]

"'A court may "issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it

---

[1] Although in most situations this Court would hesitate to grant permanent injunctive relief as to "later created" works, the Court agrees with the District Court for the Southern District of Florida that "[i]njunctive relief . . . is especially favored [for copyright infringement] where there is a history of continuing infringement and a substantial threat of continued infringement. . . ." *SONY Music Entm't, Inc. v. Global Arts Prods.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (internal citation omitted), and that, "[i]n such cases, a district court ought not only to issue a broad permanent injunction protecting present works, but can protect works not yet created." *Id.* (citing *Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490 (11th Cir. 1984)). However, the Court will amend Plaintiff's proposed language to include the word "copyrighted" so that the first phrase after the list of copyrighted works reads "in any other **copyrighted** sound recording."

meets the prerequisites for the issuance of an injunction."'" *Entral Group Int'l, LLC v. Sun Sports Bar Inc.*, No. 05-CV-4836, *7 (E.D.N.Y. Sept. 28, 2007) (quotation omitted). Under § 502(a) of the Copyright Act, "a court may 'grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" *Id.* (quoting 17 U.S.C. § 502(a)). Finally, "[t]o obtain a permanent injunction, plaintiff must establish that 1) absent injunctive relief, it will suffer irreparable harm, and 2) actual success on the merits. . . . Generally, the movant must show the threat of continuing violation in order to obtain injunctive relief. . . ." *Id.* (internal citations omitted).

In this case, Plaintiffs allege that Defendant's conduct is causing them irreparable injury for which they cannot fully be compensated in money damages and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe their copyrights. *See* Complaint at ¶ 18. Specifically, Plaintiffs assert that "Defendant's infringements were widespread, going well beyond the few representative examples listed in Exhibit A to the Complaint . . . [and that] Defendant's means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' sound recordings vulnerable to massive, repeated, near instantaneous, and worldwide infringement." *See* Memorandum of Law at 8-9. Moreover, Plaintiffs contend that

> there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop. Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity. Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement.

*See id.* at 9.

As previously discussed, Defendant's default establishes his liability and, thus, Plaintiffs' actual success on the merits. Moreover, it is very likely that, absent an injunction, Defendant will continue to infringe Plaintiffs' copyright interests. Therefore, the Court grants Plaintiffs' request for a permanent injunction with the change noted in footnote 1 *supra*.[2]

### III. CONCLUSION

After carefully considering Plaintiffs' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for entry of a default judgment against Defendant is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendant for the minimum statutory damages of $750.00 per infringed work, as authorized under the Copyright Act, 17 U.S.C. § 504(c)(1), for each of the ten copyrighted sound recordings listed in the next paragraph, which are also listed in Exhibit "A" attached to Plaintiffs' complaint, in the total principal sum of **Seven Thousand Five Hundred Dollars ($7,500.00)**; and the Court further

**ORDERS** that the judgment in favor of Plaintiffs and against Defendant shall include the following permanent injunctive relief:

> Defendant shall be and hereby is enjoined from directly or

---

[2] With respect to their request for costs, pursuant to 17 U.S.C. § 505, Plaintiffs have not submitted any documentation to support their assertion that they have incurred costs totaling $365.00. In the absence of such documentation, the Court declines to consider their request at this time. However, the Court will provide Plaintiffs with an opportunity to submit the required documentation if they wish to pursue this request.

indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Temptation," on album "The Writing's on the Wall," by artist "Destiny's Child" (SR# 268-936);

- "Because You Loved Me," on album "Falling Into You," by artist "Celine Dion" (SR# 224-159);

- "Gotta Man," on album "Let There Be Eve . . Ruff Ryder's First Lady," by artist "Eve" (SR# 265-925);

- "Hot Shot," on album "Hot Shot," by artist "Shaggy" (SR# 286-657);

- "Father of Mine," on album "So Much for the Afterglow," by artist "Everclear" (SR# 181-328);

- "Far Behind," on album "Candlebox," by artist "Candlebox" (SR# 171-393);

- "When It All Goes South," on album "When It All Goes South," by artist "Alabama" (SR# 292-583);

- "My Everything," on album "Revelation," by artist "98 Degrees" (SR# 270-025);

- "I Knew I Loved You," on album "Affirmation," by artist "Savage Garden" (SR# 276-120);

- "What If She's an Angel," on album "Then Came the Night," by artist "Tommy Shane Steiner" (SR# 308-545)

and in any other copyrighted sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs'

>Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and the Court further

**ORDERS** that, if Plaintiffs want to recover the costs that they incurred in prosecuting this action, they must submit documentation to support such a request within ten days of the date of this Order;[3] and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: December 19, 2007
       Syracuse, New York

*/s/ Frederick J. Scullin, Jr.*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] If Plaintiffs submit the required documentation and the Court grants their request for costs, the Court will direct the Clerk of the Court to amend the judgment accordingly.